UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DISTRICT 28, UNITED MINE WORKERS
OF AMERICA; LOCAL UNION 1640;
JERRY E. DEEL,
<u>Plaintiffs-Appellants,</u>

v.

No. 96-1430

CONSOLIDATION COAL COMPANY;
ISLAND CREEK COAL COMPANY,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Samuel G. Wilson, District Judge.
(CA-95-108-A)

Argued: January 30, 1997

Decided: March 11, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and CLARKE,
Senior United States District Judge for the Eastern District of
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Daniel H. Sachs, UNITED MINE WORKERS OF
AMERICA, Castlewood, Virginia, for Appellants. Mary Lynn Tate,
TATE, LOWE & ROWLETT, P.C., Abingdon, Virginia, for Appel-

lees. **ON BRIEF:** Fredrick A. Rowlett, TATE, LOWE & ROW-
LETT, P.C., Abingdon, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerry Deel was fired from his employment with Island Creek Coal
Company ("Island Creek") after he tested positive for use of prescrip-
tion drugs. Pursuant to the collective bargaining agreement between
the United Mine Workers ("UMWA") and Island Creek, the parties'
dispute proceeded to arbitration. Arbitrator Thomas Sedwick found
that Deel had been discharged for "just cause" and therefore denied
Deel's grievance. Deel and UMWA then filed a complaint with the
U.S. District Court for the Western District of Virginia seeking to
vacate the decision of the arbitrator. On cross motions for summary
judgment, U.S. District Judge Samuel G. Wilson granted Island
Creek's motion and denied the motion by Deel and UMWA. Deel and
UMWA now appeal the district court's grant of summary judgment
in favor of Island Creek. For the reasons stated below, we affirm the
district court's ruling.

I.

Deel began work with Island Creek in 1974 and was employed
there continuously until his termination on April 13, 1995. At the time
of his termination, Deel was employed as an electrician at Island
Creek's Virginia Pocahontas #3 Mine. On May 11, 1994, Deel over-
dosed on Valium and was admitted into a hospital for six days. Deel
returned to work on May 26, 1994, but only worked for one day. He
thereafter checked himself into a drug rehabilitation program. On
June 6, 1994, Daniel French, Supervisor of Human Resources for
Island Creek, visited Deel and presented him with a"substance abuse

2

rehabilitation program agreement." Under the agreement, Island Creek would pay for 21 days of treatment in addition to the seven days of treatment covered by Deel's medical insurance in exchange for Deel's agreement to drug testing. Deel signed the agreement and returned to work on July 11, 1994.

After returning to work, Deel was tested for drugs a total of four times. The first three tests were negative, but the fourth tested positive for barbiturates and Valium. Island Creek suspended Deel and conducted an investigation into Deel's drug use. It was found that Deel was under the care of three different doctors and had obtained at least one prescription without informing the doctor of his drug addiction. After it was determined that Deel had no explanation or excuse for his use of the drugs, Island Creek terminated Deel.

Deel filed a grievance against Island Creek pursuant to the National Bituminous Coal Wage Agreement of 1993 ("NBCWA") arguing that he was discharged without cause. Arbitrator Thomas Sedwick determined that the rehabilitation agreement signed by Island Creek and Deel was void because UMWA was not involved in its negotiation. Arbitrator Sedwick nevertheless found that Island Creek did have just cause to terminate Deel because Deel's drug use posed an unacceptable danger in the workplace. Deel and UMWA then filed a complaint in the Western District of Virginia seeking to have the arbitrator's decision vacated. Relying on Article III of the NBCWA, the district court found that the NBCWA's guarantee of a safe and healthful work environment was sufficient to support the arbitrator's finding of just cause and that the arbitrator's decision therefore drew its essence from the NBCWA.

II.

Because the question of whether a labor arbitrator has exceeded the scope of his authority is a question of law, we"`stand in the shoes of the district court'" and review the district court's ruling de novo. Island Creek Coal Co. v. District 28, UMWA, 29 F.3d 126, 129 (4th Cir. 1994) (quoting Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31, 933 F.2d 225, 228 (4th Cir. 1991)).

Federal courts must give "special judicial deference" to an arbitrator's decision, and the court's review of an arbitrator's award under

3

Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185, is very limited. Id. Because the parties to a collective bargaining agreement bargained for interpretations of the contract by an arbitrator, federal courts should not impose their own interpretation of a labor contract in place of that of the arbitrator. Id. Instead, federal courts should overturn the decision of an arbitrator only if the decision is based on the arbitrator's own personal notions of right and wrong and is not based on the terms of the collective bargaining agreement. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987); Island Creek, 29 F.3d at 129.

III.

The issue before the arbitrator was not just whether the rehabilitation agreement signed by Island Creek and Deel was valid, as argued by the Appellants. The issue was whether Deel had been terminated for just cause,[1] as required by the NBCWA.[2] Arbitrator Sedwick was therefore within his authority when he proceeded to decide the issue of just cause.

Arbitrator Sedwick's finding that Deel's termination was for just cause was based not upon his own notions of right and wrong, but on the NBCWA, which requires both employers and employees to maintain a safe and healthful work environment.[3] So long as the arbitrator is "even arguably construing or applying the contract," Misco, 484 U.S. at 38, the arbitrator's finding must be upheld. Given the special deference accorded arbitrators' awards, this Court has no reason to

_____

[1] The Court notes that even the Appellants stated the issue as such during their arguments before the arbitrator. (Tr. of Arbitration Hr'g at 10).
[2] Article XXIV, Section (a) of the NBCWA states:

> No employee covered by this Agreement may be disciplined or discharged except for just cause. The burden shall be on the Employer to establish grounds for discharge in all proceedings under this Agreement.

[3] Article III, Section (a) of the NBCWA states in pertinent part:

> Every employee covered by this Agreement is entitled to a safe and healthful place to work, and the parties jointly pledge their individual and joint efforts to maintain this objective.

4

question Arbitrator Sedwick's determination that Deel's use of drugs on the job and his failure to come to terms with his drug problem posed a safety risk to himself and his fellow employees. By creating such a risk, Deel was arguably in violation of his duty to maintain a safe working environment under the NBCWA. Arbitrator Sedwick therefore fulfilled his obligation to base his finding on the terms of the NBCWA.

IV.

For the foregoing reasons, the Court finds that Arbitrator Sedwick's ruling was based on the terms of the collective bargaining agreement between Island Creek and UMWA. Accordingly, the Court finds that the district court properly refused to disturb the arbitrator's decision, and the district court's ruling is

<u>AFFIRMED</u>.